Mr. Oscar C. Roberts, Jr. 5501 West Main Newport, AR 72112
Dear Mr. Roberts:
This is in response to your request, pursuant to A.C.A.7-9-107 (Repl. 1991), for certification of the following popular name and ballot title:
(Popular Name)
TAX REFERENDUM AMENDMENT
(Ballot Title)
 FROM AND AFTER THE ADOPTION OF THIS AMENDMENT, ALL NEW TAXES AND/OR INCREASES IN EXISTING TAXES PASSED BY THE GENERAL ASSEMBLY SHALL BE REFERRED TO A VOTE OF THE PEOPLE AT THE FOLLOWING GENERAL ELECTION PRIOR TO BECOMING EFFECTIVE; HOWEVER, WHEN PASSED WITH AN EMERGENCY CLAUSE SAID INCREASES SHALL BECOME EFFECTIVE UNTIL THE NEXT GENERAL ELECTION AT WHICH TIME SAID NEW TAXES AND/OR TAX INCREASES UNLESS APPROVED BY MAJORITY VOTE OF THE PEOPLE SHALL BE AUTOMATICALLY REPEALED.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 283 Ark. 463,466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294,532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207
(1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219,223, 226, 604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990), citing Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990) citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying these precepts, it is my conclusion that the popular name submitted fulfills the requirements discussed above. It is hereby approved as submitted. A minor addition to the proposed ballot title is, however, necessary in order to insure that the voters are fully apprised of the purpose of the initiative. The following ballot title is hereby certified:
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO PROVIDE THAT FROM AND AFTER THE ADOPTION OF THIS AMENDMENT, ALL NEW TAXES AND/OR INCREASES IN EXISTING TAXES PASSED BY THE GENERAL ASSEMBLY SHALL BE REFERRED TO A VOTE OF THE PEOPLE AT THE FOLLOWING GENERAL ELECTION PRIOR TO BECOMING EFFECTIVE; HOWEVER, WHEN PASSED WITH AN EMERGENCY CLAUSE SAID INCREASES SHALL BECOME EFFECTIVE UNTIL THE NEXT GENERAL ELECTION AT WHICH TIME SAID NEW TAXES AND/OR TAX INCREASES UNLESS APPROVED BY MAJORITY VOTE OF THE PEOPLE SHALL BE AUTOMATICALLY REPEALED.
Pursuant to A.C.A. 7-9-108(c) (Cum. Supp. 1993), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure